———o•o———

## SAVAGE *vs.* PIKE and others.

C. by his will, executed in 1826, after giving and bequeathing to his wife, for the term of her natural life, the rents, issues and profits of all his estate real and personal, devised and bequeathed one fourth of it to his daughter, J. for life, and then directed as follows: " And, upon the decease of my said daughter, J. I do give, devise and bequeath the said last mentioned one equal fourth part of all my estate, both real and personal, unto the lawful issue of my said daughter, J. his, her or their heirs, executors, administrators and assigns, forever, equally to be divided among them ; and in case my said daughter, J. shall not leave lawful issue, or such issue, if any, shall die under the age of twenty-one years, without leaving lawful issue, then, and in such case, I do give, devise and bequeath the said last mentioned one equal fourth part of all my estate, both real and personal, unto the rest of my children, their heirs, executors, administrators and assigns, forever, equally to be divided among them." At the death of the testator, in 1834, there were four children living and taking under the will, viz : his son A. and three married daughters, the said J. (Mrs. R.) Mrs. S. and Mrs. P. Mrs. S. died in 1843, leaving two children, J. W. P. and C. F. M.. A. the son, died in 1844, without issue, and Mrs. P. died in 1847, leaving one child, J. P. Mrs. R. died in 1861 without issue, leaving as her heirs at law and next of kin, J. W. P. and C. F. M. the children of her deceased sister, Mrs. S. and J. P. the child of Mrs. P.

*Held,* that the limitation over, in the will, whether considered as a vested remainder, a contingent remainder, or an executory devise, was equally descendible, it being an expectant estate ; and that it was effectual, to whatever class of future estates it belonged.

*Held, also,* that the three nieces of Mrs. R. took the one fourth part of the testa-

Savage *v*. Pike.

tor's estate which was given to her for life, not as heirs at law of C., but by
virtue of the limitation over; the children of Mrs. S. being entitled to one
half, or each one fourth, and the child of Mrs. P. to one half.

APPEAL from an order made at a special term, on a mo-
tion to confirm a referee's report as to the interest of par-
ties, in an action for partition of lands. Francis Child, the
ancestor of the defendants, died in October, 1834, having made
his will in December, 1826, which was unrevoked. He de-
vised his property as follows: One fourth to his daughter,
Jane Reed, for life, with remainder to her issue, and on fail-
ure of her issue, then remainder to the rest of his children in
fee; one fourth to his son Abraham, in fee; one fourth to
his daughter, Caroline Francis Savage, for life, with remainder
to her issue, and on failure of her issue, then remainder to
the rest of his children in fee; and one fourth to his son
John, in fee. And any child, born after making the will,
should share equally with his other children. John, the son,
died before the testator, without issue; and Mary, a daugh-
ter, was born before his death. Abraham, the son, died with-
out issue after the death of the testator. Jane Reed, the
daughter, died after the death of the testator, without issue.
Caroline Francis Savage, the daughter, died after the death
of the testator, leaving her surviving, her husband, Joseph,
and two children, Josephine W. Pike and Caroline F. McIl-
vaine. Mary Parsons, the daughter, died after the death
of the testator, leaving her surviving one child, Josephine
Parsons.

When this action was brought, the testator and all his
children were dead; Josephine Parsons was the only heir at
law of Mary Parsons; Josephine W. Pike and Caroline F.
McIlvaine were the only heirs at law of Caroline Francis
Savage; and Josephine Parsons, Josephine W. Pike and
Caroline F. McIlvaine were the only heirs at law of the tes-
tator, and of his three children, John, Abraham and Jane.

The premises in question are part of the lands of the tes-

Savage *v.* Pike.

tator, and those particular lots, by a decree made in 1851, were set off to the testator's daughter Jane, for her life, under the third section of the will. The residue of the testator's estate has been disposed of heretofore; and these lots now remain to be divided.

It was claimed, for the children of Mrs. Savage, that they each took a third of the estate, and Josephine Parsons a third; while on the other hand, it was claimed that Josephine Parsons took one half, and the other half was divided between the two children of Mrs. Savage.

After the death of the testator, his daughter Caroline Francis married Joseph W. Savage, who survived her and still lives. Josephine W. Pike and Caroline F. McIlvaine are married, and have husbands now living. The cause was referred, and the referee reported that Josephine Parsons, Josephine W. Pike and Caroline F. McIlvaine were each seised of one third of the premises; that the husbands of Josephine W. Pike and Caroline F. McIlvaine had no interest in the premises, and he made no report as to the interest of Joseph W. Savage. On exceptions to his report, the special term ruled that Josephine Parsons was seized of one half the premises, and Josephine W. Pike and Caroline F. McIlvaine were each seised of one quarter; that Josephine W. Savage had a tenancy by the curtesy in the premises, and that the husbands, Pike and McIlvaine, had no interest. The plaintiff, as trustee of Josephine W. Pike, and the defendants, McIlvaine and wife, appealed from so much of the decision as respects the quantity of interest of Josephine Parsons, Josephine W. Pike and Caroline F. McIlvaine, and awards partition accordingly; but there was no appeal from so much as rules that Joseph W. Savage has a life interest in one half the estate, and that which rules that the husbands, Pike and McIlvaine, have no interest.

*Charles Tracy,* for the appellants.

*J. W. Edmonds,* for the respondents.

*By the Court,* CLERKE, J.	Francis Child, by his will, executed in 1826, after giving and bequeathing to his wife, for the term of her natural life, the rents, issues and profits of all his estate, real and personal, devised and bequeathed one fourth of it to his daughter Jane, afterwards Mrs. Reed, with remainder to her issue, and, on failure of her issue, he devised and bequeathed the remainder to the rest of his children in fee.	The language is, after giving her the one fourth of his estate, during the term of her natural life, "and upon the decease of my said daughter Jane, I do give devise, and bequeath the said last mentioned one equal fourth part of all my estate, both real and personal, unto the lawful issue of my said daughter Jane, his, her or their heirs, executors, administrators and assigns, forever, equally to be divided among them ; and, in case my said daughter Jane shall not leave lawful issue, or such issue, if any, shall die under the age of twenty-one years, without leaving lawful issue, then, and in such case, I do give, devise and bequeath the said last mentioned one equal fourth part of all my estate, both real and personal, unto the rest of my children, their heirs, executors, administrators and assigns, forever, equally to be divided among them."

At the death of the testator, in October, 1834, there were four children living and taking under the will; his son Abraham and three married daughters, the said Jane Reed, Carline Frances Savage and Mary Parsons.	Mrs. Savage died in 1843, leaving two children, *Josephine W. Pike* and *Caroline F. McIlvaine.*	Abraham, the son, died without issue, in 1844, and Mrs. Parsons died in 1847, leaving one child, Josephine Parsons.	Mrs. Reed, with whose share of her father's estate we are alone concerned in this case, died in 1861, without issue, leaving, as we may perceive from the foregoing statement, as her heirs at law and next of kin, Josephine W. Pike and Caroline F. McIlvaine, the children of her deceased sister, Mrs. Savage, and Josephine Parsons, the child of her deceased sister, Mrs. Parsons.

The only question which has been submitted, remaining for our consideration, is, whether these nieces of Mrs. Reed took the one fourth part of her father's estate which was given to her during her life, as heirs at law of their grandfather; or whether they took it by virtue of the latter portion of that clause in his will in which he made the provision for Mrs. Reed, during the term of her natural life. If these grand-daughters of Francis Child, and nieces of Mrs. Reed, took as heirs of the former, then they would take equally, as of equal degree of consanguinity to the ancestor, whose estate they inherited. On the other hand, if they take by virtue of the provision in the will to which I have referred, the children of Mrs. Savage, Josephine and Caroline, together take one half, each one fourth, and the child of Mrs. Parsons, Josephine, takes one half. So the question is, shall the former have each one fourth, or each one third; and the latter one third, or one half?

The counsel for the former, in a very elaborate brief, endeavors to maintain that they take as heirs; because the limitation over after the life estate is not a vested remainder, but is either a contingent remainder or an executory devise, and therefore, he contends, not descendible.

If the law had never been changed, on this subject—if the multitude of rules, arbitrary and technical, with the subtleties and refinements into which, in the course of centuries, they had been spun out and divided, still continued in full force, perhaps the research and argument of the counsel would have some applicability to this case. But all this has been abolished; and a system almost entirely new has been substituted for it.

I am ready to agree with the counsel for the children of Mrs. Savage, that the limitation over, in the clause referred to, is not a vested remainder; although I consider it an error to suppose that, even by the common law, all contingent remainders are not descendible and devisable.

The limitation over, now under consideration, answers, pre-

cisely, to the example of contingencies with a double aspect given by the revisers in their notes; but which, they say, "with great propriety and more simply, may be termed alternate estates." The example which they give, is where an estate is given to A. for life, and, if he have any issue living at his death, then to such issue in fee; but if he die without such issue, then to B. in fee. "Here the remainder," they add, "to the issue and to B. are both contingent, but only one can take effect." (3 *R. S.* 573, *edition of* 1836.) This corresponds, exactly, with the limitation over in this will; except that portion of it relating to the death of Mrs. Reed's issue under the age of twenty-one years, without leaving lawful issue. As I have shown, in a legal manual which I compiled many years ago, the definition of a vested remainder by the revisers was *inadequate*, (to use a term of the logicians,) and would correspond with the example of a contingent remainder, which I have just quoted from the reviser's notes. (*See Clerke's Rudiments, preface* VII, *and text*, 85.) But whether we consider this limitation over as a vested remainder, or an executory devise, it is equally descendible. It constitutes an expectant estate, which term, by the Revised Statutes, embraces all kinds of future estates and reversions, (1 *R. S.* 723, § 9, *marginal;*) and it is expressly declared that "all expectant estates are descendible, devisable and alienable, in the same manner as estates in possession." (1 *R. S.* 725, § 35, *marginal.*) The limitation over, then, is effectual to whatever class of future estates it belongs; and these three nieces of Mrs. Reed take by virtue of it; the children of Mrs. Savage being entitled to one half, each one fourth, and the child of Mrs. Parsons to one half.

The judgment of the special term should be affirmed, with costs.

[New York General Term, January 2, 1866. *Geo. G. Barnard, Clerke* and *Ingraham,* Justices.]